**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4436**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODERICK LAMAR SANFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00193-WO-1)

Submitted:  April 15, 2020                                        Decided:  April 22, 2020

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Sandra J. Hairston, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Lamar Sanford pled guilty, pursuant to a written plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018) (Count 1), and possession of firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2018) (Count 3). Prior to sentencing, Sanford moved to withdraw his guilty plea on the ground that counsel had not properly advised him of the consequences of pleading guilty. Following a hearing, the district court denied the withdrawal motion. The court subsequently sentenced Sanford to a 276-month sentence on Count 1—a sentence within the properly calculated Sentencing Guidelines range—and to a statutorily required 60-month sentence, to be served consecutively, on Count 3, for a total term of imprisonment of 336 months. On appeal, Sanford argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He further contends that he received ineffective assistance of counsel at sentencing. We affirm.

I.

Sanford first asserts that the district court erred in denying his motion to withdraw his guilty plea. We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an "absolute right to withdraw a guilty plea," *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and "bears the burden of demonstrating that withdrawal should be granted," *United*

2

*States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

"[W]e have articulated a list of nonexclusive factors for a district court to consider in deciding a plea withdrawal motion." *Id.* Those factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384. "The consideration of these factors is not a rigidly mechanistic test, for the conspicuous fuzziness of the operative terms—fair and just—precludes such an endeavor." *Thompson-Riviere*, 561 F.3d at 348 (brackets and internal quotation marks omitted).

In accepting Sanford's guilty plea, the district court conducted a thorough Fed. R. Crim. P. 11 colloquy and confirmed that Sanford understood the nature of the charges and the statutory penalties he faced, that he was satisfied with the representation of his attorney, that he was pleading guilty because he was, in fact, guilty, and that no one had forced or threatened him to enter a plea. Sanford averred that he had read the factual basis filed by the Government in support of his guilty plea and that he agreed with the facts presented therein. "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *Walker*, 934 F.3d at 377 n.1 (internal quotation marks omitted); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). We conclude that the district court did not

3

abuse its discretion in determining that Sanford failed to establish a "fair and just" reason for withdrawing his guilty plea.

## II.

Sanford next argues that trial counsel was ineffective at sentencing for filing a catch-all objection to the presentence report. To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (discussing prejudice in context of guilty plea). However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the present record does not conclusively establish ineffective assistance of counsel, "we conclude that [this] claim should be raised, if at all, in a 28 U.S.C. § 2255 [(2018)] motion." *Id.* at 508.

## III.

Finally, Sanford, who is represented by counsel, seeks to file a pro se supplemental brief. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny Sanford's motion to file a supplemental pro se brief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*